Revised February 12, 2001

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————————————

## No. 00-20293
———————————————

**Deneen Ford,**

**Plaintiff-Appellee,**

**versus**

**City of Hunstville; Hank Eckhardt,**

**Defendants-Appellees,**

**versus**

**The Huntsville Item,**

**Movant-Appellant.**

————————————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas**

————————————————————————————————

January 22, 2001

Before: KENNEDY,[*] JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[**]

Appellant The Huntsville Item, a local newspaper, appeals from the district court's denial of

its motion to intervene and motion to vacate an agreed order prohibiting disclosure of settlement

————————————————

[*]Circuit Judge of the Sixth Circuit, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

documents in the underlying lawsuit between appellees, plaintiff Deneen Ford and defendant City of Huntsville. On appeal, appellant alleges that (1) it had standing to intervene in the original action, and (2) the district court erred in issuing the confidentiality order. For the reasons stated below, we grant appellant's motion to intervene and vacate the district court's confidentiality order.

## I. Background

Deneen Ford filed the underlying lawsuit against the city of Huntsville, Texas and police chief Hank Eckhardt claiming that her employer, the Huntsville Police Department, racially and sexually discriminated against her. The local newspaper, The Huntsville Item, reported on the progress of the suit from its filing. The parties to the suit ultimately reached a settlement, and on December 22, 1999, the parties filed an Agreed Motion to Dismiss in the district court. (R.55.) The district court entered an Agreed Order of Dismissal on December 27, 1999. At the initial request of plaintiff Ford, the parties also jointly submitted an Agreed Order of Confidentiality, prohibiting disclosure of the terms of the settlement. The district court issued the Agreed Order of Confidentiality on December 28, 1999.

On January 19, 2000, appellant The Huntsville Item moved to intervene in the original lawsuit and to vacate the Agreed Order of Confidentiality, alleging that the confidentiality order was impermissible under the Texas Public Information Act (Texas Act) which provides that a settlement agreement to which a governmental body is a party is public information.[1] The district

---

[1] Section 552.022(a)(18) provides that "a settlement agreement to which a governmental body is a party" is "public information and not excepted from required disclosure under this chapter unless [it is] expressly confidential under other law." Tex. Gov't Code Ann. § 552.022(a)(18) (Vernon 1999).

court summarily denied appellant's Motion to Intervene and Motion to Vacate Agreed Order on February 16, 2000, without a hearing and without offering any findings or conclusions.

## II. Discussion

Appellant raises two issues on appeal. First, appellant challenges the district court's denial of appellant's motion to intervene. Secondly, appellant claims that the district court erred in issuing the confidentiality order protecting the underlying settlement agreement.

### A. Intervention

Appellant alleges that the district court erred in denying its motion to intervene as of right under Fed. R. Civ. P. 24(a)(2), and that the district court abused its discretion in denying appellant's motion under the standard for permissive intervention under Fed. R. Civ. P. 24(b)(2). The district court made no findings of fact or conclusions of law to support its denial of appellant's motion to intervene.

A district court's denial of intervention as of right is reviewed de novo. *Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). Intervention as of right is governed by Rule 24(a) which provides that "[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a)(2). To intervene as of right under Rule 24(a)(2), appellant must meet a four prong test. Each of the following four requirements must be satisfied:

(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor*, 172 F.3d at 387.

Under the first requirement, the district court should have considered four factors to determine whether appellant's application for intervention was timely. The four factors are:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Although a district court's determination regarding the timeliness of intervention is typically reviewed for abuse of discretion, it is reviewed de novo where the district court failed to make any findings regarding its timeliness conclusion. *Sierra Club*, 18 F.3d at 1205 n.2. In the present case, the district court did not address the question of timeliness.

Appellant filed its motion to intervene on January 19, 2000, twenty-two days after the entry of the confidentiality order on December 28, 1999. Appellees, the original parties to the case, filed their motion for the confidentiality order on December 27, 1999. (R.14.) Appellant's interest in the case is limited to obtaining access to the settlement documents. Appellant had no reason to think that such access would be denied until the confidentiality agreement was proposed. Therefore, appellant's interest in the case did not arise until appellees filed their joint

motion for the confidentiality agreement. As a result, there were only twenty-three days between the time when appellant could have learned of its interest in the case and the time at which it filed its motion to intervene. In *Stallworth v. Monsanto Co.*, 558, F.2d 257, 267 (5th Cir. 1977), the Fifth Circuit applied the four factors listed above and concluded generally that "[b]y filing their petition less than one month after learning of their interest in this case, the appellants discharged their duty to act quickly." In addition, this court has emphasized that the relevant prejudice is that created by the intervenor's delay in seeking to intervene after it learns of its interest, not prejudice to existing parties if intervention is allowed. *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992). No apparent prejudice to the original parties resulted from appellant filing its motion in January as opposed to December, and no such prejudice was alleged. In addition, because appellant seeks only to litigate the issue of the confidentiality order and not to reopen the merits of the dispute between the original parties, even a greater delay in the intervention would not have prejudiced the parties. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780 (3d Cir. 1994). Under the third timeliness factor, appellant could suffer prejudice if its motion is denied, because if it brings a separate suit to gain access to the information under the Texas Act, any potential remedy will be restricted by the confidentiality order issued here. There are no unusual circumstances to be considered under the fourth factor above. Thus, we conclude that appellant's motion to intervene was timely.

The second condition to intervention as of right requires that appellant have an interest relating to the property or transaction that is the subject of the underlying action. In the context of intervention, the Fifth Circuit has warned against defining "property or transaction" too narrowly. *Ceres Gulf*, 957 F.2d at 1203. This court has held that a news agency has a legal

interest in challenging a confidentiality order, stating that "members of the news media, although not parties to litigation, can appeal court closure orders or confidentiality orders under the collateral order doctrine." *Davis v. East Baton Rouge Parish School District*, 78 F.3d 920, 926 (5th Cir. 1996). More specifically, appellant has a legal interest arising under the Texas Act, section 552.022(a)(18), which provides that "a settlement agreement to which a governmental body is a party," is "public information and [is] not excepted from required disclosure under this chapter unless [it is] expressly confidential under other law." Tex. Gov't Code Ann. § 552.022(a)(18) (Vernon 1999).

The Third Circuit has explained that "in determining whether the Newspapers have standing, we need not determine that the Newspapers will ultimately obtain access to the sought-after Settlement Agreement. We need only find that the Order of Confidentiality being challenged presents an obstacle to the Newspapers' attempt to obtain access." *Pansy*, 23 F.3d at 777. In the present case, the confidentiality order issued by the district court presents an obstacle to appellant's attempt to obtain the settlement agreement. Standing to challenge the confidentiality order demonstrates the interest required to intervene under Rule 24(a)(2). For these reasons, we conclude that appellant has an interest relating to the underlying action and satisfies the second condition for intervention as of right.

The third condition for intervention as of right requires that the disposition of the case may impair the applicant's ability to protect its interest. The confidentiality order which appellant wants to challenge conflicts with appellants right to access information under the statute. Even without reaching a conclusion about the validity of the confidentiality order, its existence certainly

would impede appellant's ability to bring suit successfully under the Texas Act to gain access to the settlement agreement.

Finally, the last condition for intervention as of right requires that the interests of the applicant are inadequately represented by the existing parties. The original parties in this case jointly moved for the confidentiality order, advocating a position contrary to the interest of appellant. Therefore, the final condition is satisfied.

Appellant satisfies all four prongs of the test for intervention as of right. As a result, it is not necessary for us to evaluate appellant's alternative argument that it satisfied the requirements for permissive intervention. The district court erred in refusing appellant's request to intervene. We reverse the district court and hold that appellant may intervene as of right under Rule 24(a)(2) in order to challenge the confidentiality order issued by the district court.

## B. Confidentiality Order

Upon a joint motion by the parties, the district court entered the Agreed Order prohibiting the parties from disclosing the settlement documents. The full text of the order is as follows:

> Pursuant to Tex. Gov't Code Ann. § 552.107(2), it is ORDERED that disclosure
> of the settlement documents associated with Plaintiff Deneen Ford's suit against
> City of Huntsville, Texas and Hank Eckhardt ("Defendants") is hereby prohibited.

(R.63.) The district court offered no findings or explanation for the confidentiality order nor did the parties submit any reasons for its entry beyond their agreement. We review the district court's grant of a confidentiality order for abuse of discretion, *see Davis*, 78 F.3d at 930, *Doe v. Stegall*, 653 F2d 180, 184 (5th Cir. 1981), but we review the district court's application of the appropriate legal standard de novo.

- 7 -

We should note that we are not asked to grant appellant access to the settlement documents. Rather, we are asked to determine the validity of the district court's confidentiality order. The validity of that order, however, will determine whether appellant will be successful in obtaining the requested documents.[2]

In issuing the confidentiality order, the district court cited to section 552.107(2) of the Texas statute which provides that "[i]nformation is excepted from the requirements of Section 552.021 if: . . . a court by order has prohibited disclosure of the information." Section 552.021 provides that "[p]ublic information is available to the public at a minimum during the normal business hours of the governmental body." Section 552.107(2) establishes an exception to required disclosure under the Texas Act. Section 552.022(a), however, lists categories of information which "are public information and are not excepted from required disclosure under this chapter unless they are expressly confidential under other law." One of these listed categories is "a settlement agreement to which a governmental body is a party." Tex. Gov't Code Ann. § 552.022(a)(18). Thus, disclosure of a settlement agreement does not fall within the exception under section 552.107(2). Rather, settlement information involving a governmental body is subject to required disclosure under Texas Law unless expressly made confidential by other law.

That conclusion does not end our inquiry, however, because we must determine what discretion a federal judge has to issue a confidentiality order in litigation between a state and its employee in light of a conflicting state statute. In *Davis*, the Fifth Circuit addressed a case in

_____

[2] If the confidentiality order is valid, a court's ability to order access to the settlement documents would be limited by this federal order. In the present case, further legal action will likely not be required because appellee City of Huntsville has stated that if the confidentiality order is vacated, it will make the settlement documents public. (Appellee's Br. 5.)

- 8 -

which a news agency sought to invalidate a court order permitting a school board to meet in private sessions to discuss a desegregation plan, alleging that the order permitted the board to circumvent requirements of the Louisiana Open Meetings Law, L.R.S. § 42:4.1-11 (West 1990). 78 F.3d at 930.  Without stating an opinion as whether the private meetings would comply with the statute, the court held that "[i]n entering a confidentiality order protecting a public entity, or an order such as this requiring a public entity to meet in secrecy, the district court should consider the effect of the order on state freedom of information laws." *Davis*, 78 F.3d at 931.  The court also cited the Third Circuit *Pansy* case with approval, in which the Third Circuit held that "where a governmental entity is a party to litigation, no . . . confidentiality order shall be entered without consideration of its effect on disclosure of governmental records to the public under state and federal freedom of information laws." *Id.* (citing *Pansy*, 23 F.3d at 791).  The *Pansy* court further held that "where it is likely that information is accessible under a relevant freedom of information law, a strong presumption exists against granting or maintaining an order of confidentiality whose scope would prevent disclosure of that information pursuant to the relevant freedom of information law." *Pansy*, 23 F.3d at 791.  Explaining the appropriate legal standard, the *Davis* court held that "the district court made no effort to explain why the need for confidential Board meetings outweighed the news agencies' interest in attending Board meetings protected by the Louisiana Open Meetings Act." *Davis*, 78 F.3d at 931.  Similarly in the present case, the district court gave no indication that it considered section 552.022(a)(18) of the Texas Act, and neither the court nor the parties offered any explanation as to the need for confidentiality let alone a need that outweighed appellant's interest in gaining access to information protected by the Texas Act. On appeal, no one appeared or filed a brief on behalf of plaintiff Ford in support of maintaining

the confidentiality order. The City of Huntsville, when questioned at oral argument, could point to no reason for confidentiality except that plaintiff had requested the agreed order, and the City acknowledged that plaintiff had not given any reason for her request. Thus, the *Davis* court's ultimate conclusion applies to the present case:

> In short, the district court entered a sweeping order requiring a public entity to conduct confidential meetings which may or may not comply with state law. The court should not have entered this order without considering whether the meetings that it ordered complied with the Louisiana Open Meetings Law, or demonstrating compelling reasons for preempting Louisiana law. We conclude that the district court abused its discretion in entering the . . . order without considering its effect on Louisiana law.

*Davis*, 78 F.3d at 931. While Texas law is not directly binding on a federal court's ability to issue orders, the Fifth Circuit has clearly held that, at a minimum, the district court was obliged to consider the effect of its order on state law. In the present case, the district court abused its discretion by entering the confidentiality order without considering section 552.022(a)(18) of the Texas Act. In light of the public information status provided to the settlement by the Texas Act, the district court also erred by failing to require some competing interest which demonstrates a compelling reason for entering the order despite the state law. Thus, as the court did in *Davis*, we vacate the district court's confidentiality order.

### III. Conclusion

For the reasons stated above, we reverse the district court and hold that appellant is entitled to intervene, and further we vacate the confidentiality order entered by the district court.

No costs are awarded on appeal.