Scott MAYO, et al., Plaintiffs,

v.

HARTFORD LIFE INSURANCE
CO., et al., Defendants.

No. CIV.A. H–01–2139.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 9, 2002.

Scott Monroe Clearman, Michael D. Myers, McClanahan & Clearman, Houston, TX, for plaintiffs.

Barry A. Chasnoff, Akin Gump et al., San Antonio, TX, Michael M. Wilson, Clements O'Neill et al., Houston, TX, Howard Kleinhendler, Kaye Scholer et al., Myron Kirschbaum, Kaye Scholer LLP, Daniel M. McClure, Fulbright & Jaworski, Houston, TX, George W. Bramblett, Jr., Haynes & Boone, Dallas, TX, Thomas Francis Hetherington, Bracewell & Patterson, Houston, TX, Paul A. Fischer, Jorden Burt LLP, Washington, DC, James F. Jorden, Washington, DC, for defendants.

## MEMORANDUM AND ORDER ON INTERLOCUTORY APPEAL, STAY AND INTERVENTION REQUESTS

ATLAS, District Judge.

Pending before the Court are numerous motions. The Court will address some of those motions in this Memorandum and Order and others in a separate order.

## I. WAL–MART ISSUES

### A. Wal–Mart's Request for Interlocutory Appeal

Defendants Wal–Mart Stores, Inc., the Wal–Mart Stores, Inc. Corporation Grantor Trust, and its Trustee, Wachovia Bank of Georgia, N.A. (collectively, the "Wal–Mart Defendants") asks the Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [Docs. # 112, 126] from the Memorandum Opinion issued by the Court on March 5, 2002 ("March 5th Opinion") [Doc. # 92]. Plaintiff Sims Estate opposes [Doc. # 124] this request. The Wal–Mart Defendants also requested that the Court reconsider the rulings in the March 5th Opinion, and renewed their motion for summary judgment on choice of law, ERISA preemption, and the statute of limitation.[1] On August 7, 2002, the Court issued an Amended and Supplemental Memorandum Opinion ("Amended Opinion") [Doc. # 138] addressing again the motions covered by the March 5th Opinion in light of the supplemented record and further consideration of the issues presented. The Court construes the Wal–Mart Defendants' motion for an interlocutory appeal to apply to the Amended Opinion. Further, in a Memorandum and Order issued August 8, 2002 [Doc. # 139] (the "August 8 Memorandum"), the Court granted Plaintiff Sims Estate's Motion for Partial Summary Judgment [Doc. # 97] and denied the Wal–Mart Defendants' Cross Motion as to the Sims Estate's claims. The Court construes the Wal–Mart Defendants' interlocutory appeal request to apply to this ruling as well.

Section 1292(b) of Title 28 of the United States Code provides in pertinent part that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the judge shall so state in writing in such order.[2] For reasons stated below, the Court concludes that certain rulings in the Amended Opinion and the August 8th Memorandum involve issues warranting interlocutory appeal.

---

1. *See* Doc. # 113. The Wal–Mart Defendants submitted with this motion additional evidence and argument. The Sims Estate responded in opposition to this motion, and the parties each submitted additional briefing. The Court granted the request for reconsideration by order dated August 2, 2002 [Doc. # 136] and withdrew its March 5th Opinion.

2. The section goes on to provide: "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

To date, there has been only one named plaintiff, the Sims Estate, asserting a claim against the Wal–Mart Defendants. The Sims Estate seeks to pursue against the Wal–Mart Defendants claims on behalf of a class of Wal–Mart employees and former employees who lived in Texas while Wal–Mart owned life insurance policies ("COLI policies") on the lives of its employees. Plaintiff Sims Estate opposes certification for interlocutory appeal on the choice of law and statute of limitations issues (and presumably on the Sims Estate's successful summary judgment motion) on the grounds that this course would "likely prolong" this litigation. The Sims Estate contends that the Court should permit discovery on the class issues as to the Wal–Mart Defendants,[3] should rule on Plaintiffs' class certification motion, and thereafter should decide if a § 1292(b) certification of an interlocutory appeal is appropriate. *See* FED. R. CIV. P. 23(f).[4]

The Sims Estate's response is premised on its Motion for severance of the claims against the Wal–Mart Defendants from those against Camelot Music, Inc. and Trans World Entertainment Corporation (collectively, the "Camelot Defendants"). Plaintiffs seek severance of this case into an action against the Wal–Mart Defendants, and another case against the Camelot Defendants and Hartford. Plaintiffs propose that only the Sims Estate (and two proposed intervenors[5]) pursue their claims as plaintiff class representatives in the severed case against the Wal–Mart Defendants ("Wal–Mart Case").[6] The Camelot

Plaintiffs propose to pursue in the second case (the "Camelot Case"), a class action consisting of claims against a class of employer defendants including the Camelot Defendants and other employers who purchased COLI policies on Texas employees naming the companies as beneficiaries. The Camelot Plaintiffs also propose in this second suit a plaintiff class of employees and former employees consisting of the insureds under the COLI policies owned by the defendant employers. All Defendants state that they are unopposed to some severance, but the Camelot Defendants and Hartford seek severance in order for the Court to enter final judgment and/or grant them other relief as well. The severance and entry of judgment issue will be addressed in a separate order.

Based on their suggestions for the severance of this case into two actions, Plaintiffs contend that discovery on the class certification issues as to Wal–Mart Defendants are simple and inexpensive. Plaintiffs contend that class discovery should involve only identification from documents of the heirs or estates of Wal–Mart employees (or former employees) and the benefits paid under the COLI policies, and a few depositions.[7] Plaintiffs further argue that the class certification motion is straightforward, in light of the Court's ruling on the merits of the Sims Estate's claims. The Wal–Mart Defendants reply that the decision of whether to certify a class of Wal–Mart employees requires resolution of a series of complex questions, largely relating to the nuances of the class definitions.[8] The Wal–Mart Defendants point out

---

**3.** Plaintiff Sims Estate contends that discovery would be necessary from the Wal–Mart Defendants, AIG Life Insurance Company ("AIG"), and Hartford Life Insurance Company ("Hartford").

**4.** The Sims Estate urges also that "relatively little expense" would be incurred if the Court were to enter final judgment against Wal–Mart Defendants on a summary judgment motion on behalf of the class similar to the summary judgment motion filed for the Sims Estate.

**5.** *See infra* section I.D.

**6.** It is unclear whether the Sims Estate is asserting claims against Hartford in connection with the Wal–Mart COLI policies.

**7.** The Sims Estate argues that the necessary information will likely be found in Wal–Mart's ap-

plications for death benefits and the computer files used to administer Wal–Mart's COLI policies.

**8.** Wal–Mart's Reply, at 12. Specifically, the Wal–Mart Defendants contend that there will be issues such as: "(1) whether individual questions of insurable interest exist with respect to Wal–Mart employees from the chief executive officer to the janitor, (2) whether individual questions exist as to additional Wal–Mart defenses to a constructive trust, including waiver, consent, and estoppel, (3) whether individual questions related to damages computations exist to defeat class certification, (4) whether individual questions exist with respect to the application of the discovery rule to defeat the statute of limitations defense, (5) whether Sims is an adequate and typical class representative of all Wal–Mart officers and employees, and (6) whether there are

that the Sims Estate implicitly recognized these complexities by recommending a nine month discovery period for class issues.

■ The Court is persuaded that an interlocutory appeal at this juncture is the better course. First, as indicated above, the issue of what severance is appropriate cannot yet be decided, and will be addressed in a separate order. Suffice it to say that the concept of a severance is not a foregone conclusion. Also, it is uncertain who the named parties will be in any case in which potential claims against a defendant class will be litigated. The Court rejects the Sims Estate's contentions that the class certification issues and discovery—even against the Wal–Mart Defendants only—are necessarily simple, inexpensive, or quick to resolve. The determination of who properly should be in the plaintiff class requires a definitive resolution of various threshold issues discussed below and in the ruling addressing motions relating to the Camelot Defendants. The class certification discovery is likely to cause the parties serious financial expense. There will be time-consuming analysis and rulings required of this Court. This is even more true if the requested severance is denied or the defendant class issues are addressed in the Wal–Mart Case. An interlocutory appeal to obtain appellate guidance on the threshold issues of choice of law, the statute of limitations and the scope of insurable interests under Texas law would materially advance the ultimate termination of this litigation, particularly if the Court's assessment of the law in favor of Plaintiffs on any of these issues is incorrect.

There is substantial ground for difference of opinion on the three threshold issues on which the Court has ruled. First, the choice of law issue is a threshold question as to which there is no clearly controlling federal or Texas Supreme Court authority. Plaintiff Sims Estate's claims (and the claims of the proposed plaintiff class) arise in circumstances not previously presented. This Court has made numerous judicial rulings in keeping with longstanding Texas common

law. But, the implications of the Texas Legislature's non-retroactive amendments to the Texas Insurance Code to permit—albeit under only limited circumstances—COLI policies, contrary to the state courts' previous rulings, raises significant questions about the Texas insurable interest doctrine.

The issue of when the limitations period accrues on Plaintiffs' claims concerning insurable interests also is a matter on which there is substantial ground for difference of opinion. The statute of limitations question for claims challenging beneficiaries' insurable interests is one of first impression. As set forth in detail in the Amended Opinion, the Court has ruled that the Texas common law insurable interest doctrine protects the interests of living insureds on a continuing basis while the unlawful beneficiary designation is in effect. The Court also ruled that the right to seek a constructive trust arising from the Sims Estate's claim for violation of the Texas insurable interest doctrine accrues when the insured dies and there is an offending beneficiary designation in the insurance policy. The Court rejected AIG's and Wal–Mart's contentions that the claim accrues only when the COLI policies are purchased.[9] This case does not fit neatly into any common statute of limitations approach and the accrual date of the limitations period is a hotly contested threshold matter in this case.

The Sims Estate's and the Wal–Mart Defendants' summary judgment motions on whether Wal–Mart has an insurable interest in Sims's life raise another issue on which there is substantial ground for difference of opinion. These motions address a question central to the Wal–Mart Defendants' defense: whether, under the Texas insurable interest doctrine, a company may own and be the beneficiary of insurance policies on the lives of virtually all of its employees on the ground that the company "possess[es] a reasonable expectation of pecuniary benefit or advantage from the continued life of another," namely, all its employees collectively.[10]

intra-class conflicts that preclude class certification." *Id.*

9. The Court also rejected AIG's arguments that the statute of limitations "discovery rule" applies. The Sims Estate did not assert that theory.

10. Wal–Mart Defendants relies on *Empire Life Ins. Co. of America v. Moody*, 584 S.W.2d 855, 859 (1979), and *Drane v. Jefferson Standard Life Ins. Co.*, 139 Tex. 101, 161 S.W.2d 1057, 1058–59 (1942).

Considering the foregoing, the Court determines that resolution of these three threshold issues will materially advance the ultimate termination of this litigation. The determination of who properly should be in the plaintiff class requires a definitive resolution of the threshold issues discussed above. There will be serious expense to the parties and the Court in making the class determinations. An interlocutory appeal to obtain appellate feedback on all these issues would materially advance the ultimate termination of this litigation.

### B. *Plaintiffs' Proposed Scheduling Orders and Defendants' Stay Request*

Plaintiffs seek entry of scheduling orders providing for discovery on class certification issues for claims against the Camelot Defendants and the Wal–Mart Defendants. The Court, for the reasons set forth above, finds that it is not appropriate to permit class certification discovery and motions against the Wal–Mart Defendants until the issues that the Court has certified for interlocutory appeal have been addressed by the Court of Appeals, should that Court agree to do so.

### C. *Plaintiff Sims Estate's (and Potential Class) Claims Against AIG and Hartford*

In the March 5th Opinion and the Amended Opinion, the Court granted Defendant AIG's motion to dismiss the Sims Estate's claim [Doc. # 59], but gave the Sims Estate leave to replead if it deemed necessary. The Sims Estate notified the Court that it did not intend to assert any new claims against AIG. Letter from S.M. Clearman to the Court, dated March 13, 2002 [Doc. # 134]. Accordingly, the Court's dismissal of AIG from this case is final. The Court will enter a separate final judgment.

The Court is in a quandary as to what claims Plaintiffs continue to assert against Hartford in relation to Wal–Mart's COLI policies, in light of the Court's rulings in the Amended Opinion.[11] Hartford issued COLI policies on salaried employees of Wal–Mart, while AIG issued policies on wage earners. The parties are directed to show cause within ten (10) business days from entry of this Order why final judgment should not be issued in favor of Hartford on the Sims Estate's claims, for the reasons set forth in connection with the motion of AIG for dismissal.

### D. *Ball and Miller Estates' Intervention Requests*

■ Proposed intervenors Mary Ann Taylor, individually and as Administrator of the Estate of Gloria Jean Ball, and Carol Miller individually as the Executrix of the Estate of Bobby Miller, seek permissive intervention in the case against the Wal–Mart Defendants pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure. Gloria Jean Ball and Bobby Miller each were Wal–Mart employees who worked in Texas and died in Texas while the Wal–Mart COLI policies were in effect. The Wal–Mart Defendants oppose intervention by these proposed parties. The Wal–Mart Defendants contend that the Court should exercise its authority to deny permissive intervention to these estates on the grounds that the intervention will unduly delay and prejudice the Wal–Mart Defendants' rights. The Wal–Mart Defendants argue that intervention will not make a significant and useful contribution to this case; the proposed complaint in intervention adds nothing to claims already asserted by the Sims Estate, as to which the Court has made numerous rulings. The Wal–Mart Defendants also contend that there is no urgent reason to allow this intervention "at this time." The Wal–Mart Defendants note that the Court could allow intervention later, or could consolidate these parties' lawsuits with this action, if appropriate. Finally, the Wal–Mart Defendants point out that this case has been brought as a putative class action and the Ball and Miller estates already are represented in this case as putative members of the proposed plaintiff class.

■ "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe No. 1 v. Glickman,* 256 F.3d 371, 375 (5th

---

**11.** The Court will address the status of Hartford in connection with the Camelot Plaintiffs' claims in a separate order.

Cir.2001) (citing *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir.1994)). "[A] party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervenor's interest." *Id.* (citing *Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir.2001); *Edwards v. City of Houston,* 78 F.3d 983, 1000 (5th Cir.1996); *Espy,* 18 F.3d at 1204–05; *Stallworth v. Monsanto Co.,* 558 F.2d 257, 263–67 (5th Cir.1977)). "Th[is] analysis is contextual; absolute measures of timeliness should be ignored." *Id.* (citing *Espy,* 18 F.3d at 1205). A court should ignore how far the litigation has progressed when intervention is sought, the amount of time that may have elapsed since the institution of the action, and the likelihood that intervention may interfere with orderly judicial processes. *Stallworth,* 558 F.2d at 266.

■ "When determining whether a motion to intervene is timely, a court must consider the following four factors: (1) how long the potential intervenor knew or reasonably should have known of her stake in the case into which she seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when she knew or reasonably should have known of her stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let her intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness." *Glickman,* 256 F.3d at 376 (citing *Stallworth,* 558 F.2d at 264–66; *Ford,* 242 F.3d at 239; *Ruiz v. Estelle,* 161 F.3d 814, 827 (5th Cir.1998)).

The Court declines to permit intervention by the Ball and Miller Estates. These new parties' claims match those of the Sims Estate. Moreover, the same counsel represent the proposed intervenors as the Sims Estate. Since this case has been brought as a putative class action and the Ball and Miller Estates appear to be members of the class proposed by the Sims Estate, there appears at this stage no reason to allow other individual estates to intervene.

The Ball and Miller Estates' motion is denied without prejudice, however. Should the Wal–Mart Defendants object to the qualifications of the Sims Estate to serve as the named plaintiff in a class action, the Court will revisit the merits of the Ball and Miller Estates' motion for intervention, upon request. The Wal–Mart Defendants are estopped from objecting to the timeliness of these proposed plaintiffs' requests to intervene.

## II. TILLMANS' REQUEST TO INTERVENE AS PLAINTIFFS AGAINST THE CAMELOT DEFENDANTS

■ Proposed intervenors Jack Tillman, Jr., Retina Tillman, Anthony Tillman, Sharon Tillman, Spencer Tillman and Jack Tillman, III, individually and as the heirs of Felipe M. Tillman (collectively, the "Tillmans") move for intervention [Doc. # 130] pursuant to Rule 24(b)(2) to assert claims against the Camelot Defendants involving the Camelot Defendants' COLI policy on Felipe Tillman's life. The Camelot Defendants oppose this intervention on various grounds. The Tillmans are represented by the same counsel as the original Camelot Plaintiffs.

The proceedings in this case have resulted in extensive rulings on numerous issues on the merits under Texas law. The Tillmans base their claim on violations of Oklahoma law arising from Camelot's COLI policy on the life of decedent Felipe M. Tollman, who worked in Oklahoma. All but one of Felipe M. Tillman's heirs are Oklahoma residents. The Tillmans' circumstances are materially different from those claimed by the Camelot Plaintiffs, because the Tillmans rely on Oklahoma law while the original Camelot Plaintiffs are employees or former employees who live in Texas. The Tillman's heirs' claims to not rely on common questions of law or facts as the existing Plaintiffs' claims, and the motion for intervention is denied.

## III. CONCLUSIONS AND ORDER

### A. Wal–Mart Defendants' Request for Interlocutory Appeal

The Court finds that its rulings on the Wal–Mart Defendants' motions for summary

judgment [Docs. # 19, 58, 113][12] on the threshold questions of the choice of law and statute of limitations involve controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Amended Opinion [Doc. # 138] may materially advance the ultimate termination of this litigation. The Court further finds that the issue of whether Wal–Mart has an insurable interest in Sims's life addressed in the Court's August 8th Memorandum [Doc. # 139] granting the Sims Estate's Motion for Partial Summary Judgment [Doc. # 97] and denying the Wal–Mart Defendants' Cross Motion for Summary Judgment [Doc. # 122] involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal of these rulings may materially advance the ultimate termination of this litigation. It is therefore

**ORDERED** that Wal–Mart Defendants's Motion to Certify 1292(B) Interlocutory Appeal [Doc. # 112] is **GRANTED**. The rulings in the Court's Amended and Supplemental Memorandum Opinion [Doc. # 138] on the issues related to the Wal–Mart Defendants are hereby **CERTIFIED** for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). It is further

**ORDERED** that the issue of whether the Wal–Mart Defendants have an insurable interest in Sims's life addressed in the Court's Memorandum and Order issued August 8, 2002 [Doc. # 139] is hereby **CERTIFIED** for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### B. *Plaintiffs' Proposed Scheduling Orders and Defendants' Stay Requests*

Plaintiffs' request for entry of scheduling orders regarding discovery on class certification issues for claims against the Wal–Mart Defendants is denied. The Court, for the reasons set forth above, finds that it is not appropriate to permit class certification discovery and motion regarding the Wal–Mart Defendants until the issues that the Court has certified for interlocutory appeal have been addressed by the Court of Appeals, should that Court agree to do so. It is therefore

**ORDERED** that Plaintiffs' Motion for Entry of Proposed Scheduling Orders [Doc. # 95] is **DENIED** as to the Wal–Mart Defendants. It is further

**ORDERED** that the Sims Estate's claims against Wal–Mart Stores, Inc., the Wal–Mart Stores, Inc. Corporation Grantor Trust, and its Trustee, Wachovia Bank of Georgia, N.A., are hereby **STAYED** until a party notifies this Court that the Court of Appeals for the Fifth Circuit has issued a final ruling on the proposed appeal by the Wal–Mart Defendants.

### C. *Final Judgment Against AIG and Hartford as to Wal–Mart Defendants*

The Court dismissed, in the March 5th Opinion and the Amended Opinion, the Camelot Plaintiffs' claims against AIG. Plaintiffs have not pursued any new claims against AIG. Thus, the Court will enter a **final judgment** as to Defendant AIG.

The Court suspects that there are no longer any live claims against Hartford in connection with the COLI policies it sold to Wal–Mart, since it appears that Hartford was in the same posture as AIG. Accordingly, it is

**ORDERED** that the parties show cause within **ten (10) business days** from entry of this Order why final judgment should not be issued in favor of Hartford on the Sims Estate's claims.

### D. *Ball and Miller Estates' Intervention Request Against Wal–Mart Defendants*

The Court concludes that intervention by Mary Ann Taylor, individually and as Admin-

12. The Court denied Defendant Wal–Mart's Motion for Summary Judgment and Brief in Support [Doc. # 19], the Motion for Summary Judgment of Defendant Wal–Mart Stores, Inc. Corporation Grantor Trust, Through its Trustee, the Wachovia Bank of Georgia, N.A. [Doc. # 58], and Defendant AIG Life Insurance Company's Motion and Memorandum in Support of Summary Judgment on Plaintiffs' Second Amended Complaint [Doc. # 60], but granted in part and denied in part Hartford Life Insurance Company's Motion for Summary Judgment [Doc. # 24], and granted Defendant AIG Life Insurance Company's Motion to Dismiss and Memorandum in Support Thereof [Doc. # 59]. The Court also denied Wal–Mart's renewed motion for summary judgment [Doc. # 113–2].

istrator of the Estate of Gloria Jean Ball, and Carol Miller individually as the Executrix of the Estate of Bobby Miller, to assert claims against the Wal–Mart Defendants is not necessary at this time, in light of the Wal–Mart Defendants' interlocutory appeal and the putative class action nature of this case. It is therefore

ORDERED that the Ball and Miller Estates' Motion for Leave to Intervene [Doc. # 132] is DENIED without prejudice. It is further

ORDERED that should the Wal–Mart Defendants, at the time the Court considers class certification, object to the qualifications of the Sims Estate to serve as the named plaintiff of the proposed class, the Ball and Miller Estates may REURGE their request for intervention, and the Wal–Mart Defendants are ESTOPPED from objecting to the timeliness of these proposed plaintiffs' requests to intervene.

### E. Tillmans' Intervention Request as Plaintiffs Against Camelot Defendants

The Court concludes that there is no basis under Rule 24 to permit permissive intervention of proposed plaintiff intervenors Jack Tillman, Jr., Retina Tillman, Anthony Tillman, Sharon Tillman, Spencer Tillman, and Jack Tillman, III, individually and as the heirs of Felipe M. Tillman to assert claims against the Camelot Defendants involving the Camelot COLI policy on Felipe Tillman's life. The Court concludes that the Tillmans' claim, based on Oklahoma law, does not share common questions of law with the existing Camelot Plaintiffs. The Court denies the Tillmans' request for intervention. It is therefore

ORDERED that the Tillmans Heirs' Motion for Leave to Intervene [Doc. # 130] is DENIED.

