IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60443
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                                 Plaintiff-Appellee,

                        versus

$303,718.73 SEIZED FROM BANK ACCOUNT
NUMBER 6004-219-9 AT BANK OF MISSISSIPPI,
TUPELO, MISSISSIPPI,

                                                 Defendant,

                        versus

JIM D. WAIDE,

                                                 Appellant.

_____

Appeals from the United States District Court for
the Northern District of Mississippi
(USDC No. 1:99-CV-202-P-D)

_____
February 24, 2003


Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Jim D. Waide was hired by Vietnow, Inc., to represent it in a forfeiture proceeding initiated against funds held in a bank account in the company's name. Vietnow agreed to pay Waide 10 percent of any amount recovered from the government, plus out-of-pocket expenses. Vietnow subsequently terminated Waide, and later agreed to forgo any claim to the seized funds in consideration for the government not bringing criminal charges against one of the company's principals. Waide moved to intervene in the forfeiture action, claiming an interest in the seized funds arising from his contingency-fee agreement with Vietnow. The district court denied the motion. Finding no error, we affirm.

1. This court reviews de novo the district court's decision denying intervention as a matter of right. See Ford v. City of Huntsville, 242 F.3d 235, 239 (5th Cir. 2001). To show an entitlement to intervene, the would-be intervenor must establish, among other things, "an interest relating to the property or transaction which is the subject of the action . . . ." Id. (internal quotations omitted). The rights and obligations under a contingency-fee agreement are governed by state law. See Augustson v. Linea Aerea Nacional-Chile S.A., 76 F.3d 658, 662 (5th Cir. 1996). In Mississippi, it has long been the rule that a contingency-fee agreement does not by itself give an attorney a

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

property interest in the litigation to which it relates. See Tyson v. Moore, 613 So. 2d 817, 824-25 (Miss. 1992) (citing Pollard v. Joseph, 50 So. 2d 546, 548 (Miss. 1950)). The contingency-fee agreement in this case did not specially restrict Vietnow's authority to settle or nonsuit without Waide's consent. Cf. Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986) (holding that contingency-fee agreement prohibiting client from settling or dismissing lawsuit without attorney's consent entitled wrongfully terminated attorney to intervene as a matter of right). In the absence of such a limitation, the right of action for an attorney wrongfully discharged prior to the happening of the contemplated contingency lies in quantum meruit. See Poole v. Gwin, Lewis & Punches, L.L.P., 792 So. 2d 987, 990 (Miss. 2001). We see no error in the district court's determination that the contingency-fee agreement in this case did not confer a right to intervene.

2. Waide also seeks to be named a party to protect the interests of Vietnow, Inc., claiming "[t]here is no benefit to Vietnam veterans in giving away their money to help criminal defendants." The district court did not determine whether Waide could intervene on Vietnow's behalf. Assuming he adequately raised the issue before the district court, and assuming Vietnow's directors or officers have misused corporate funds, Waide has failed to show why he is individually entitled to sue on the corporation's behalf.

AFFIRMED.